UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE ZIRANGUA,

Petitioner,

v.

BRUCE SCOTT, Warden, Northwest
ICE Processing Center,

Respondent.

CASE NO. 2:26-cv-00892-JNW

ORDER

This matter comes before the Court on Petitioner Jose Zirangua's petition for a writ of habeas corpus. Dkt. No. 10. Zirangua is a citizen of Mexico who has been in the custody of U.S. Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE) since October 29, 2025. *Id.* at 1. He entered the United States sometime around 1996, when he was about four years old. Dkt. No. 15-1 at 3. On April 19, 2011, Zirangua was charged with Criminal Mischief in the Third Degree, and the Marion County Jail referred him to ICE agents. Dkt. No. 15-1 at 3. The Marion County District Attorney dismissed the charge on May 2, 2011, and released Zirangua into ICE custody the following day. *Id.* DHS charged Zirangua as

ORDER - 1

a noncitizen present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). Dkt. No. 15-2 at 2.

On May 26, 2011, an Immigration Judge ("IJ") ordered Zirangua released from DHS custody on a $1,500 bond. Dkt. No. 15-3 at 2. In 2012, an IJ administratively closed Zirangua's removal proceedings upon the parties' joint request. Dkt. No. 15-4 at 2.

More than ten years later, on October 29, 2025, ICE took Zirangua into custody in Salem, Oregon. His removal proceedings "were re-calendared" and are "pending before the immigration court." Dkt. No. 14 at 2.

DHS identified Zirangua as a member of the class certified in *Franco-Gonzales v. Napolitano*, No. 10-cv-2211, 2011 WL 11705815 (C.D. Cal. Nov. 21, 2011), which includes:

> All individuals who are or will be in DHS custody for removal proceedings in California, Arizona, and Washington who have been identified by or to medical personnel, DHS, or an Immigration Judge, as having a serious mental disorder or defect that may render them incompetent to represent themselves in detention or removal proceedings, and who presently lack counsel in their detention or removal proceedings.

*Id.* at *16.

The class contains two subclasses. Plaintiff Sub-Class 1, includes "Individuals in the above-named Plaintiff Class who have a serious mental disorder or defect that renders them incompetent to represent themselves in detention or removal proceeding." Plaintiff Sub-Class 2 includes "Individuals in the above-named Plaintiff Class who have been detained for more than six months." *Id.* at Dkt. No. 348.

ORDER - 2

On April 9, 2026, DHS counsel notified the Immigration Court that Zirangua is a member of the *Franco-Gonzalez* class and entitled to a bond hearing. Dkt. No. 15-9 at 3. On May 4, 2026, an IJ held a bond hearing at which Zirangua appeared pro se. The IJ denied bond and issued a form order with a box checked to indicate "Danger and Flight Risk." Dkt. No. 15-10 at 3.

The record before the Court does not include (1) the IJ's bond-denial order or a transcript of the proceeding (beyond the check-box form), (2) information about the nature of Zirangua's alleged "serious mental disorder or defect" that may render him incapable of representing himself, or (3) any indication that DHS assessed and determined whether Zirangua was entitled to representation at the bond hearing. This defies the district court's holding in *Franco-Gonzalez v. Holder*. *See Lara v. Immigr. & Customs Enf't Field Off. Dir.*, No. C26-0747 TSZ, 2026 WL 1020747, at *2 (W.D. Wash. Apr. 15, 2026) (finding *Franco-Gonzalez* requires that judicial competency inquiries be recorded and that the immigration judge state on the record the reasoning supporting a finding of competence or incompetence).

To ensure Zirangua receives the accommodations to which he is entitled, the Court ORDERS as follows:

1. The Court REQUESTS that the Northwest Immigrant Rights Project ("NWIRP") consult with Zirangua and advise the Court by July 10, 2026, whether it will seek appointment in this case under 18 U.S.C. § 3006A(a)(2)(B);

2. Respondent is ENJOINED from seeking Zirangua's removal to Mexico or any other country, or from transferring him out of this judicial

ORDER - 3

district, unless Respondent provides at least 14 days' advance written notice to Zirangua, any counsel who appears, and the Court;

3. If NWIRP does not appear for Zirangua, the Court REQUESTS that NWIRP recommend an attorney who might have the requisite expertise and is willing to serve as appointed counsel for Zirangua.

4. The Court ORDERS Respondent to file, under seal if appropriate, on or before July 6, 2026, a unilateral Status Report that addresses and provides copies of (a) the IJ's bond-denial order or a transcript of the proceeding held on May 4, 2026, (b) information about the nature of Zirangua's alleged "serious mental disorder or defect" that may render him incapable of representing himself, and (c) any records showing that DHS assessed and determined whether Zirangua was entitled to representation at the bond hearing.

5. The habeas petition and return, Dkt. Nos. 10 and 14, are RENOTED to July 6, 2026.

6. The Court GRANTS Zirangua's motion for an extension of time to file a reply at Dkt. No. 16.

7. The Clerk is DIRECTED to send a copy of this Order to all counsel, Zirangua, and Malou Chávez, Executive Director, and Matt Adams, Legal Director, of the Northwest Immigrant Rights Project.

ORDER - 4

Dated this 26th day of June, 2026.

Jamal N. Whitehead
United States District Judge