UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ZIRANGUA,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, Warden, Northwest ICE Processing Center,<br><br>Respondent. | CASE NO. 2:26-cv-00892-JNW<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

This matter comes before the Court on Petitioner Jose Zirangua's petition for a writ of habeas corpus. Dkt. No. 10. Having reviewed the petition, the return, Dkt. No. 14, the traverse, Dkt. No. 17, Respondent's status report and supplemental filings, Dkt. Nos. 19–24, and all other supporting material, the Court DENIES the petition without prejudice for the reasons below.

Zirangua is a citizen of Mexico who has been in the custody of U.S. Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE) since October 29, 2025. Dkt. No. 10 at 1. Proceeding pro se, Zirangua argues that his prolonged detention under 8 U.S.C. § 1226(a) violates his Fifth Amendment due process rights. *Id.*

Respondent identified Zirangua as a member of the class certified in *Franco-Gonzales v. Napolitano*, No. 10-cv-211, 2011 WL 11705815 (C.D. Cal. Nov. 21, 2011), which entitles some pro se noncitizens to accommodations in their detention and removal proceedings. Dkt. No. 15-9 at 3. Because Respondent failed to include DHS records showing its assessment of Zirangua's ability to represent himself, the Court ordered Respondent to supply these records. Dkt. No. 18. The Court also directed the Northwest Immigrant Rights Project (NWIRP) to consult with Zirangua and advise whether it would seek appointment in this case under 18 U.S.C. § 3006A(a)(2)(B). *Id.*

Respondent then filed, under seal, the mental health evaluation performed on March 22, 2026, in which the examiner found that Zirangua likely has the capacity to represent himself in his immigration proceedings. Dkt. No. 24. Respondent also provided recordings of the competency hearing held on April 15, 2026, and the bond hearing held on May 4, 2026. Dkt. No. 22.

Since issuing its Order, the Court has learned of material changes in Zirangua's immigration proceedings. On June 16, 2026, Zirangua withdrew his asylum application and all other applications for relief, and he accepted voluntary departure. NWIRP therefore informed the Court that it will not seek appointment as his counsel. As a result, Zirangua now has a final removal order.

Because the Court does not have the latest information about the terms of Zirangua's voluntary departure, the record does not show the current basis for his detention. It is unclear whether 8 U.S.C. § 1226(a), which governs detention pending a removal decision, still applies. On this record, the Court cannot grant

Zirangua's habeas petition and order his release. Thus, the Court DENIES Zirangua's petition without prejudice. Dkt. No. 10.

Dated this 21st day of July, 2026.

Jamal N. Whitehead
United States District Judge